# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>  Plaintiff,<br><br>  v.<br><br>DR. COHEN, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:09-cv-01628-OWW-GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE DUE PROCESS CLAIM<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

### Screening Order

**I.  Screening Requirement**

Plaintiff Lamont Shepard, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 15, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusion are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal at 1949-50; Moss at 969.

**II.     Plaintiff's Claims**

Plaintiff, who is incarcerated at the California State Prison-Corcoran, alleges that on December 13, 2008, he walked to the Acute Care Hospital at the prison. Upon his arrival and on the order of Defendant Cohen, Defendant Lopez grabbed Plaintiff by the right arm and Defendant Campbell grabbed Plaintiff by the left arm, and they forced him down on a gurney, face first. Defendants Lopez and Campbell held Plaintiff down on the gurney through use of their weight, and Defendant Dean grabbed and held Plaitniff's head down. Defendant Jane Doe then injected Plaintiff with ten milligrams of Haldol on the order of Defendant Cohen.

Plaintiff alleges claims for violation of the Due Process Clause of the Fourteenth Amendment, use of excessive physical force in violation of the Eighth Amendment, and assault and battery under California law.

**A.     Due Process Claim**

Prisoners have a substantial liberty interest, grounded in the Due Process Clause, in avoiding the involuntary administration of antipsychotic medication. Washington v. Harper, 494 U.S. 210, 229 (1990). Accordingly, Plaintiff's allegation that Defendant Cohen ordered Defendants Lopez,

Campbell, and Dean to hold Plaintiff down, and ordered Defendant Jane Doe to administer a shot of Haldol is sufficient to state a claim against Defendants Cohen, Lopez, Campbell, Dean, and Jane Doe.

**B.    Excessive Force Claim**

Plaintiff alleges a claim for use of excessive physical force, arising out of Defendants Lopez, Campbell, and Dean's actions in holding him down on the gurney so that he could be injected with Haldol.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9. However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9; Wilkins v. Gaddy, No. 08-10914, 2010 WL 596513, at *2 (U.S. Feb. 22, 2010). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted); Wilkins, 2010 WL 596513, at *2.

Although Plaintiff stated a viable claim against Defendants arising from the involuntary administration of medication, their actions in forcing Plaintiff onto the gurney and holding him down while the medication was injected do not rise to the level of sadistic and malicious force. The Court finds that the actions described constituted a de minimis use of force and fail to rise to the level of a constitutional violation. Iqbal at 1949-50; Moss at 969.

**C.    State Law Assault and Battery Claims**

Plaintiff also alleges a claim for assault and battery under California law, but he fails to allege compliance with the California's Tort Claims Act. The Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and

3

1 Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

### D. Claim Against Chief Medical Officer

Finally, Plaintiff names the Chief Medical Officer (CMO) as a defendant in this action but sets forth no allegations against him or her. Plaintiff may not seek to impose liability on the CMO simply because of his or her position. There is no respondeat superior liability under section 1983 and each named defendant must have been personally involved in the violation of the plaintiff's rights. Iqbal at 1948-49; Jones, 297 F.3d at 934. Because the complaint is devoid of any facts linking the CMO to the violation of Plaintiff 's rights, he fails to state a claim against the CMO.

## III. Conclusion and Order

Plaintiff's complaint states a claim against Defendants Cohen, Lopez, Campbell, Dean, and Jane Doe for denial of due process arising out of the involuntary administration of Haldol, but does not state a claim for use of excessive force, for assault and battery, or against the Chief Medical Officer. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Cohen, Lopez, Campbell, Dean, and Jane Doe on his due process claim, Plaintiff may so notify the Court in writing, and the other claims and the CMO will be dismissed from the action. Plaintiff will then be provided with four summonses and four USM-285 forms for

///

completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Cohen, Lopez, Campbell, and Dean.[1]

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal at 1948-49; Jones at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Cohen, Lopez, Campbell, Dean, and Jane Doe on his due process claim; and

///
///
///

---

[1] The United States Marshal cannot initiate service on a Doe defendant. Plaintiff may amend once he ascertains the identity of Jane Doe. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

5

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **February 24, 2010**         ___/s/ Gary S. Austin___
                                     UNITED STATES MAGISTRATE JUDGE