# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>        Plaintiff,<br><br>  v.<br><br>COHEN, et al.,<br><br>        Defendants.<br>_____/ | 1:09-cv-01628-OWW-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING UNENUMERATED 12(b) MOTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE<br><br>(Doc. 17) |

**I. Procedural History and Facts**

Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's original complaint, filed September 15, 2009, against Defendants Cohen, Lopez, Campbell, Dean and Jane Doe ("Defendants") for the involuntary administration of anti-psychotic medication, in violation of the Due Process Clause of the Fourteenth Amendment. On August 11, 2010, Defendants filed an unenumerated 12(b) motion to dismiss the action due to the Plaintiff's failure to exhaust administrative remedies.

Plaintiff's administrative appeal was submitted on December 14, 2008. (Doc. 18 at p. 2; Doc. 17 at Ex. A). The administrative appeal was partially granted at the first formal level on February 23, 2009. (Doc. 17 at p. 4; Doc. 17 at Ex. A). Plaintiff's second formal level appeal was denied on May 7, 2009. (Doc. 17 at p. 4; Doc. 17 at Ex. A). Plaintiff's third level (also known as the "Director's Level") appeal was received on May 26, 2009. (Doc. 18 at p. 2). Plaintiff filed the

action on September 15, 2009. (Doc. 1). As of August 4, 2010, (the declaration date from the Office of Third Level Appeals) the third level appeal was still pending. (Doc. 17 at p. 4; Doc. 17 at Ex. A).

**II. Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739 n.5). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2009); *see also Woodford v. Ngo*, 548 U.S. 81, 86. The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level (the "Director's Level"). *Id.* at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the

appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.5, 3084.6(c). Director's Level responses are to be completed within sixty working days, and the time limit commences upon receipt of the appeal by the appeals coordinator. *Id.* at §§ 3084.6(a), (b)(4) (2009).[1] Weekends and state holidays do not constitute working days. *Id.* at § 4003(j)(2). There are also exceptions to the sixty working day requirement in the event of:

> (A) Unavailability of the appellant, or staff or inmate witnesses.
>
> (B) Complexity of the decision, action, or policy.
>
> (C) Necessary involvement of other agencies or jurisdictions.

*Id.* at § 3084.6(b)(5). For an "exceptional delay" that "prevents completion of the review within specified time limits," the Director's Level appeal is exempted from the requirement of notifying the appellant of the reasons for the delay and the estimated completion date. *Id.* at § 3084.6(b)(6).

Sixty working days had passed in August 2009 and Plaintiff filed his complaint in September 2009. Since the Director's Level appeal was received, over a year has passed with the appeal still pending. In the declaration of J. Walker, the Chief of the Office of Third Level Appeals-Health Care (OTLA-HC)), Walker states: "Although the OTLA-HC works hard to decide appeals in a timely fashion, the large volume of appeals makes that task difficult. Mr. Shepard's appeal will be decided by the OTLA-HC as quickly as possible." (Doc. 17 at Ex. A).

Plaintiff argues that the exhaustion requirement is satisfied (or that a prisoner is excused from exhausting administrative remedies) if a prisoner files a grievance and receives no response within the time allotted under sections 3084.6(a) and (b)(4) of the grievance procedure.[2] In *Brown v. Valoff*,

---

[1] Effective as of January 2011, the applicable language was recently amended and moved to tit. 15 §§ 3084.8(a), (c)(3). Although the Court is applying the version of the Code that was in effect at the time when Plaintiff filed the complaint, the Court notes that the new version is substantively the same as the previous version.

[2] This argument has been explored by various courts. *See e.g.*, *Hardney v. Carey*, No. Civ. S-04-1897-LKK-GGH, 2006 WL 1582271 (E.D. Cal., Jun 05, 2006) (citing *Underwood v. Wilson*, 151 F.3d 292 (5th Cir.1998) and *Foulk v. Charrier*, 262 F.3d 687 (8th Cir.2001)); *Arreola v. Hickman*, Civ. S-05-2548-DFL-GGH, 2006 WL 2590890 (E.D. Cal., Sep 08, 2006); *Callegari v. Lee*, Civ. 08-2420-MMC, 2009 WL 2258337 (N.D. Cal., Jul 28, 2009) (citing *Gregory v. PHS, Inc.*, No. Civ. A. 00-467-SLR, 2001 WL 1182779, *2 (D. Del. Sept. 21, 2001) and *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001)). However, the support cited in the abovementioned court documents do not address the import of *Woodford v. Ngo* and the recent Ninth Circuit precedent addressing circumstances that would serve as an excuse from the exhaustion requirement under § 1997e(a).

3

the Ninth Circuit noted that it would "'refuse to interpret the PLRA so narrowly as to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in responding to grievances,'" and that "[d]elay in responding to a grievance, particularly, a time-sensitive one, may demonstrate that no administrative process is in fact available." 422 F.3d 926, 943 n.18 (quoting *Lewis v. Washington*, 300F.3d 829, 833 (7th Cir.2002)). Ultimately, the Ninth Circuit concluded that the plaintiff was not "prejudiced by the long time it took to conclude the investigation into [plaintiff's] staff complaint." *Id.* In *Ngo*, the United State Supreme Court left "open the possibility that an exception to the exhaustion requirement might exist" in circumstances where "the prison had created draconian procedural requirements that would 'trip[] up all but the most skillful prisoners' - which might also render administrative remedies effectively unavailable so as to excuse a failure to exhaust." *Sapp v. Kimbrell*, 623 F.3d 813, 827 (citing *Woodford v. Ngo*, 548 U.S. 81, 126).

Administrative remedies are not "effectively unavailable" and a prisoner is not equitably excused from the exhaustion requirement under § 1997e(a) where a delay in a prisoner's administrative appeal: 1) does not involve a time-sensitive grievance; and 2) is not a result of a prison's action which thwarts a prisoner's attempt to properly exhaust administrative remedies, thus prejudicing a prisoner's ability to bring a federal suit. *See Woodford v. Ngo*, 548 U.S. 81, 88, 126 (suggesting as relevant the underlying reasons for why an administrative remedy is unavailable and leaving open the possibility that acts of a prison that thwart proper exhaustion may allow an equitable exception to the PLRA's exhaustion requirement); *Sapp v. Kimbrell*, 623 F.3d 813, 827 (finding that a prison's procedural requirements could serve to thwart a prisoner's attempt to properly exhaust administrative remedies and such a circumstance should serve as an excuse from the exhaustion requirement); *Nunez v. Duncan*, 591 F.3d 1217, 1224-26 (a warden's mistake prevented prisoner from properly exhausting administrative remedies and thus such remedies were effectively unavailable); *Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) (noting that a delay in administrative remedies for time-sensitive grievances may serve as an excuse from the exhaustion requirement under § 1997e(a), however, a delay that does not result in prejudice to a plaintiff may not warrant excuse from the exhaustion requirement).

The declaration from the OTLA-HC stated that the delay was due to "the large volume of appeals." A delay in Plaintiff's Director's Level appeal due to the large volume of cases does not appear to be a situation where prison officials are exploiting the grievance process, nor does the delay prejudice Plaintiff in seeking a remedy for the one time involuntary administration of anti-psychotic medication. *See Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005). If the Court were to find that a case such as Plaintiff's were exempted from the exhaustion requirement, such finding would open the floodgates to all of the Director's Level appeals that are still pending but have not been decided within the sixty work day requirement, thus rendering the exhaustion requirement of the PLRA "into a largely useless appendage" and frustrating the prison's administrative review process. *See Woodford v. Ngo*, 548 U.S. 81, 93. Finding that Plaintiff is not excused from the exhaustion requirement in this instance is consistent with the underlying purpose of the exhaustion requirement under the PLRA "to eliminate unwarranted federal-court interference with the administration of prisons, and . . . to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93.

### III.  Conclusion and Recommendation

Defendants have shown that Plaintiff did not exhaust his Fourteenth Amendment claim against them and they are therefore entitled to dismissal of the claim. Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed August 11, 2010, be GRANTED, and Plaintiff's claim against them be DISMISSED, without prejudice, for failure to exhaust.

///
///
///
///
///
///

1  These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 25, 2011

　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE