**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD, | CASE NO. 1:09-cv-01628-OWW-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION |
| COHEN, et al., | (Docs. 36, 37) |
| Defendants. / | |

**I.     Plaintiff's Motion for Reconsideration**

   A.     Procedural History

   Lamont Shepard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 25, 2011, the Court submitted Findings and Recommendations in which the Magistrate Judge recommended granting Defendants' unenumerated 12(b) motion to dismiss due to Plaintiff's failure to exhaust administrative remedies. (Doc. 28).  On February 28, 2011, the Court adopted the Findings and Recommendations and dismissed the action for failure toe exhaust administrative remedies.  On March 9, 2011, Plaintiff filed a "motion to Reopen Case Sua Sponte," and "Motion for Reconsideration."  (Docs. 36, 37). The Court shall address both motions as a motion for reconsideration.

   B.     Standards for Reconsideration

   Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on

grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v. United States*, 638 F.2d 119 (9th Cir. 1981); *accord LaFarge Conseils et Etudes, S.A. v. Kaiser Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" *Id*. When filing a motion for reconsideration, Local Rule 230(j)(3) & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

In his motions for reconsideration, Plaintiff argues that although administrative remedies were exhausted after he filed the action, the action should still proceed so as to conserve judicial resources. (Docs. 36, 37). However, as the Magistrate Judge observed in the Findings and Recommendations which the Court adopted, the Court must dismiss a case without prejudice *even when there is exhaustion while the suit is pending. Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005). Plaintiff fails both to show new or different facts or circumstances which did not exist at the time the Court dismissed the action for failure to exhaust administrative remedies.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds its order adopting the Findings and Recommendations to dismiss Plaintiff's action for failure to exhaust administrative remedies is supported by the record and by proper analysis.

1  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for reconsideration (Docs.
2  36, 37), filed March 9, 2011, is DENIED.
3  IT IS SO ORDERED.
4  **Dated:   May 20, 2011**                                   **/s/ Oliver W. Wanger**
                                                               UNITED STATES DISTRICT JUDGE